IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA JEAN FRAZIER,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No.  2:19-CV-1592-DMC<br><br><br>ORDER |

    Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment has been entered.  Pending before the Court is Plaintiff's counsel's motion for attorney's fees under the Equal Access to Justice Act, ECF No. 23; Defendant's opposition, ECF No. 24; and Plaintiff's reply, ECF No. 25.  In the original motion, Plaintiff's counsel seeks an award of $8,583.93 in attorney's fees representing work in this case performed at an attorney rate of $207.78 per hour and a paralegal rate of $130.00 per hour.  See ECF No. 23.  In the reply brief, Plaintiff's counsel seeks an additional $1,973.91 at the same attorney rate for work associated with the pending motion and reply to Defendant's opposition thereto.  See ECF No. 25.  Counsel seeks a total award of $10,557.84.

/ / /

## I. STANDARDS FOR EAJA MOTION

Because this Court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the Court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court.  See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998).  Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.  See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570).  If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted.  See Flores, 42 F.3d at 569-71.  A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

2

Under the EAJA, the Court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The Court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. The "court can impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)). A reduction of more than 10% requires specific findings regarding the unreasonableness of the amount reduced. See id.

Finally, fees awarded under the EAJA are normally payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

**II. DISCUSSION**

The Commissioner offers three reasons for denying an award of EAJA fees. See ECF No. 24. First, the Commissioner asserts that Plaintiff's counsel is not automatically entitled to EAJA fees simply because Plaintiff prevailed. See id. at 2-3. Second, the Commissioner contends the government's position was substantially justified and, therefore, Plaintiff's counsel is not entitled to an award of EAJA fees. See id. at 3-7 Third, the Commissioner argues that special circumstances make an award of EAJA fees unjust. See id. at 7-9. The Commissioner does not challenge the reasonableness of the fees requested.

///
///
///
///

3

A. **<u>Substantial Justification</u>**

The Court agrees with the Commissioner that Plaintiff's counsel is not entitled to an award of fees under the EAJA simply because the Court ordered a remand.  See <u>Kali</u>, 854 F.2d 329.  The Court next considers the Commissioner's specific arguments in support of the contention that the government's position was substantially justified and that an award under the EAJA is therefor not warranted.  The Commissioner's arguments are largely well-taken.  However, the ALJ's failure to adequately discuss her decision to discredit Plaintiff's symptom testimony is ultimately fatal to a finding of substantial justification, which is all that is required to compel the award of EAJA fees.

In the ALJ's discussion of Plaintiff's subjective symptom testimony, she made the following findings:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> The allegations are inconsistent with the medical evidence of record and the claimant's activities of daily living . . . .
>
> The claimant typically had normal concentration[,] good judgment, good insight and appropriate abstract reasoning during mental status exams at Open Door Community Health Center (9F45). She had generally high GAF scores (9F23, 9F27).
>
> The record reflects some gaps in the claimant's mental health treatment. She had minimal treatment following her treatment in 2016.
>
> The record reflects that the claimant has reported improvement in her symptoms with medications (1F4).
>
> Some of the claimant's stressors may be due to situational events rather than medical issues. . . .
>
> In sum, the above residual functional capacity assessment is supported by the testimony from the hearing, the medical evidence in the record and partially by the opinions of the agency consultants and consultative examiners.
>
> CAR 29-30.

///

    The Ninth Circuit has held that "the failure of ALJs to make [specific] findings [concerning claimant's subjective pain] in disability cases is among the principal causes of delay and uncertainty in this area of the law." Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) (quoting Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).  Moreover, "[f]inding that an agency's position was substantially justified when the agency's position was based on violations of . . . the agency's own regulations, constitutes an abuse of discretion." Gutierrez v. Barnhart, 274 F.3d 1255, 1259 (9th Cir. 2001) (quoting Mendenhall v. NTSB, 92 F.3d 871, 874 (9th Cir. 1996)).

    The Commissioner's argument that "the Ninth Circuit has clarified recently that its cases 'do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits,'" ECF No. 24, pg. 6 (citing Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020)), mischaracterizes the issue.  There is no contention here by any party that the ALJ was required to perform a "line-by-line exegesis" of Plaintiff's testimony. Instead, the issue was the lack of any meaningful analysis to support the ALJ's decision to discredit Plaintiff's testimony.

    Although the ALJ did make a few citations to specific parts of the record, she did not specify how either these specific parts of the record or Plaintiff's daily activities served to undermine Plaintiff's testimony. See id. This conflicts with the Social Security Administration's own regulations, which require that "[i]n evaluating an individual's symptoms, it is not sufficient for our adjudicators to make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent'. . . . *The determination or decision must contain specific reasons for the weight given to the individual's symptoms*, be consistent with and supported by the evidence*, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms*." SSR 16-3p (emphasis added). To find that the ALJ was substantially justified when her decision was deficient under the regulations would be an abuse of this Court's discretion.

///

5

B.   **Special Circumstances**

Defendant contends that Plaintiff's unprofessional argumentation in their brief constitutes a special circumstance that should preclude the shifting of fees. In support of this contention, Defendant cites to United States v. First Nat'l Bank, 732 F.2d 1444 (9th Cir. 1984). That court held that factors to be considered as special circumstances could include "whether counsel's attitude and approach to the issues were inappropriate, and whether counsel . . . unnecessarily protracted the proceedings by unwarranted discovery or other unprofessional delay." Id. at 1448. However, special circumstances were not dispositive in that case, and the court gave no further elaboration on how to weigh those factors. The limited case law on this issue places a high bar on the complete denial of attorney's fees for unprofessional conduct. See Meyler v. Comm'r of Soc. Sec., 2008 U.S. Dist. LEXIS 51684, *5-9 (D.N.J. 2008) (awarding reduced fees, even when plaintiff's original brief was struck for incendiary language), Torres v. Saul, 2020 U.S. Dist. LEXIS 142342, *8-9 (D.N.J. 2008) (awarding fees because objectionable attorney conduct that was not duplicitous did not constitute special circumstances to withhold fees).

While this Court has admonished Plaintiff's counsel for his lack of professionalism in this and other actions, and while similar future argumentation may be met with sanctions, Defendants have not shown the type of intentional dishonesty that would result in the complete non-payment of fees. Therefore, fees should not be withheld due to special circumstances.

C.   **Reasonableness**

Even though the government has not presented any arguments challenging the reasonableness of the fees requested, the Court nonetheless considers reasonableness independently. See Hensley, 461 U.S. at 433, 436-47. Here, the Court finds that Plaintiff is entitled to attorney's fees under the EAJA, and the claimed fees of $8,583.93 are reasonable. First, Mr. Weems made a voluntary deduction of approximately 28% of his original invoice. Second, the rates charged for the services at issue are not excessive, particularly given the expertise of the billing personnel.

/ / /

         1.        Paralegal rate

While this Court has regularly held that "that the prevailing market rate for work performed by paralegals in this district is $100 per hour." Lara v. Berryhill, No. 2:16-cv-0034 DB, 2017 U.S. Dist. LEXIS 172635, at *6-7 (E.D. Cal. Oct. 17, 2017); see also Dittmar v. Berryhill, No. 2:15-cv-1630 DB, 2017 U.S. Dist. LEXIS 159358, at *7 (E.D. Cal. Sep. 26, 2017); Vieira v. Saul, No. 2:18-cv-0955 DB, 2020 U.S. Dist. LEXIS 214105, at *7 (E.D. Cal. Nov. 15, 2020), Plaintiff makes a compelling argument that the $130 per hour paralegal rate requested for Mr. Ragnes, counsel's paralegal, is "appropriately awarded in this district based on his education and experience." ECF No. 23, pg. 20. Plaintiff contends that "application of a fact specific approach that look [sic] at a paralegal's training and experience is appropriate and supports a higher rate for Mr. Ragnes, and higher rates have been approved within the district in Social Security cases," id., and states that "Mr. Ragnes is a non-attorney paralegal, who graduated law school in 2003; he is a member of the National Association of Disability Representatives; he is a registered Social Security non-attorney representative; and, he has over 17 years' experience in Social Security matters providing direct lay representation or assisting in the provision of services to well over 300 claimants and paralegal services in over 150 action for judicial review of adverse disability decisions," id. at n.8.

This Court acknowledges the particular qualifications of Mr. Ragnes offer further support for the claimed paralegal rate, which rate is not on its face excessive.

### III.  CONCLUSION

Plaintiff's motion requests payment of EAJA fees directly to counsel. See e.g., Nobles v. Berryhill, 2017 U.S. Dist. LEXIS 172075 (E.D. Cal. 2017), Alvarado v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 118354 (E.D. Cal. 2018), Blackwell v. Astrue, 2011 U.S. 35744 (E.D. Cal 2011). These payments directly to counsel are based upon the government's discretionary ability to reject assignment of any claims against it to third parties under the Anti-Assignment Act. See United States v. Kim, 806 F.3d 1161, 1169-70 (9th Cir. 2015). This discretionary ability to reject assignment of claims "applies to an assignment of EAJA fees in a

social security appeal." <u>Yesipovich v. Colvin</u>, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015). Mr. Weems has furnished his agreement with Plaintiff providing that he be paid any EAJA fees directly, minus any offset due to any potential outstanding debt by Plaintiff. Because the government has not challenged this assignment, may still offset any of Plaintiff's debt, and may discretionarily reject the assignment, EAJA fees will be made payable to counsel.

Counsel has requested and the Court here awards a total payment of $10,557.84.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for an award of fees under the EAJA, ECF No. 23, is GRANTED.

2. Plaintiff shall be awarded the requested of $10,557.84, payable to Plaintiff's counsel and subject to any offset of debts.

**Dated: January 31, 2024**

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE